**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50907
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JOSE REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-85-ALL

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Jose Reyes appeals his conviction by jury for two counts of knowingly possessing, passing, and uttering counterfeit obligations and securities of the United States, in violation of 18 U.S.C. § 472, for which he received concurrent 21-month terms of imprisonment. He contends that the evidence is insufficient to support his convictions, more specifically, that there was insufficient evidence to show his knowledge that the bills he possessed and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attempted to pass were counterfeit. This court reviews the claim "to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," accepting all reasonable inferences to support the verdict. *United States v. Infante*, 404 F.3d 376, 384 (5th Cir. 2005) (internal quotation marks and citations omitted).

"To establish a violation of 18 U.S.C. § 472, the government must prove that the defendant knew that the bills were counterfeit and that the defendant intended to defraud when he negotiated the bills." *United States v. Acosta*, 972 F.2d 86, 89 (5th Cir. 1992). A defendant's intent to defraud and knowledge that the bills were counterfeit may be proved through circumstantial evidence. *See United States v. Perez*, 698 F.2d 1168, 1170 (5th Cir. 1983).

Contrary to Reyes' argument, there was sufficient evidence from which a reasonable jury could conclude that he knew the bills he possessed were counterfeit. The Government presented direct evidence in the form of Martinez's testimony, which established that he and Reyes discussed counterfeiting bills, that Reyes agreed to having Martinez produce some counterfeit bills, that he copied an original $50 bill of Reyes' and returned the two copies and the original to Reyes, and that, although he may have given Reyes additional counterfeit bills in payment for a car wash, the $150 consisting of the original and two counterfeit $50 bills was a separate transaction of which Reyes was fully aware. The testimony was corroborated by the fact that Reyes was found with an original, legitimate $50 bill and two counterfeit bills bearing the same serial number as the legitimate bill, carried together in his back pocket, apart from the stash of legitimate bills contained in his front pocket.

Reyes challenges Martinez's credibility. However, he makes no argument that the testimony was incredible as a matter of law, and this court will not disturb the jury's credibility findings. *See United States v. Freeman*, 77 F.3d 812, 816 (5th Cir. 1996). To the extent that Reyes argues that, because the jury

must have discredited Martinez's testimony as it concerned Agent Mundy's alleged trickery, it could not credit the other portions of Martinez's testimony, his argument is without merit. See *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 196 n.9 (5th Cir. 1992) (internal citations omitted) (determining that a jury is free to credit only certain portions of a witness's testimony).

Moreover, the Government presented other circumstantial evidence of Reyes' guilty knowledge, including the fact that he kept the counterfeit bills in a separate stash of bills in his back pocket, that he paid Loera from money retrieved from his back pocket, that he offered only the stash of legitimate bills contained in his front pocket to officers for inspection, and that he attempted to conceal and/or denied having any additional money on him aside from the legitimate bills he offered for inspection. *See Perez*, 698 F.2d at 1170 (holding that a defendant's keeping counterfeit bills segregated from legitimate bills is sufficient circumstantial evidence of guilty knowledge); *see also United States v. Gonzalez*, 617 F.2d 104, 107 (5th Cir. 1979) (determining that a defendant's attempt to abandon or conceal counterfeit currency circumstantially establishes guilty knowledge).

The evidence was thus sufficient to support Reyes' convictions. *See Infante*, 404 F.3d at 384. The district court's judgment is AFFIRMED.